FILED

2014 SEP -2  PM 1: 09

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2014 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>XILIN CHEN,<br>CHUANG FENG CHEN,<br>　aka "Tom,"<br>　aka "Chen Junior," and<br>AIXIA CHEN,<br><br>　　　　　Defendants. | CR No. 14-**CR14-0499**<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1956(h): Conspiracy to Launder Monetary Instruments; 18 U.S.C. § 1546(a): Presentation of False Immigration Document or Application; 18 U.S.C. § 1425: Unlawful Procurement of Citizenship; 18 U.S.C. § 1956(a)(3)(B): Laundering Monetary Instruments; 18 U.S.C. § 2(b): Causing an Act to Be Done; 18 U.S.C. § 2(a): Aiding and Abetting; 18 U.S.C. § 982(a)(1): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1956(h)]

A.  OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, and continuing through on or about September 10, 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendants XILIN CHEN ("XILIN"), CHUANG FENG CHEN, also known as ("aka") "Tom," aka

"Chen Junior" ("CHUANG FENG"), and AIXIA CHEN ("AIXIA"), together with others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally commit the following offenses against the United States:

1.    Conducting a financial transaction, affecting interstate and foreign commerce, involving the proceeds of a specified unlawful activity, knowing that the property involved represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

2.    Conducting a financial transaction, affecting interstate and foreign commerce, involving the proceeds of a specified unlawful activity, knowing that the property involved represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under State or Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

B.    MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE
       ACCOMPLISHED

The objects of the conspiracy were to be accomplished in substance as follows:

1.    Defendants XILIN and CHUANG FENG would set up companies, first Yili Underwear, then Gayima Underwear, based in the Central District of California, through which they could receive the proceeds of specified unlawful activity, providing to others invoices and goods to conceal the nature, the location, the source, the ownership,

1  and the control of the specified unlawful activity.

2      2.   Defendants XILIN and AIXIA would meet with customers and

3  negotiate terms and receive the proceeds of specified unlawful

4  activity in exchange for providing invoices and goods to conceal the

5  nature, the location, the source, the ownership, and the control of

6  the unlawful activity.

7      3.   Defendants XILIN, CHUANG FENG, and AIXIA would deposit the

8  proceeds of the specified unlawful activity in banks, sometimes

9  structuring their activities to avoid reporting requirements.

10  C.   OVERT ACTS

11      In furtherance of the conspiracy, and to accomplish its objects,

12  on or about the following dates, defendants XILIN, CHUANG FENG, and

13  AIXIA, and others known and unknown to the Grand Jury, committed

14  various overt acts within the Central District of California, and

15  elsewhere, including but not limited to the following:

16      1.   On September 20, 2012, at Yili Underwear, defendant XILIN

17  received $65,000 in cash in return for providing invoices and goods

18  to co-conspirator J.M., whom defendant XILIN knew to be a narcotics

19  trafficker, intending to conceal the nature, the location, the

20  source, the ownership, and the control of the $65,000 in narcotics

21  proceeds.

22      2.   On October 19, 2012, defendants XILIN and CHUANG FENG, in

23  order to receive the proceeds of specified unlawful activity,

24  incorporated Gayima Underwear, listing defendant CHUANG FENG as its

25  president.

26      3.   On November 15, 2012, defendant CHUANG FENG, to receive the

27  proceeds of specified unlawful activity, opened a Bank of America

28  account for Gayima Underwear.

4.   On July 29, 2013, defendant CHUANG FENG, to avoid reporting requirements, structured, and caused to be structured, two cash deposits into the Gayima Underwear account, one for $9,000 and one for $7,750.

5.   On September 18, 2013, defendants XILIN and AIXIA received $10,625 in cash represented to be the proceeds of narcotics trafficking in exchange for providing invoices and goods intended to conceal the nature, the location, the source, the ownership, and the control of the $10,625 in cash.

6.   On September 18, 2013, defendants XILIN and AIXIA, in order to avoid reporting requirements, provided two separate invoices, each for under $10,000, for the $10,625 in cash received.

7.   On September 19, 2013, defendant AIXIA received $3,400 in cash represented to be the proceeds of narcotics trafficking in exchange for providing invoices and goods to conceal the nature, the location, the source, the ownership, and the control of the $3,400 in cash.

8.   On December 13, 2013, defendants XILIN and AIXIA received $2,975 in cash represented to be the proceeds of narcotics trafficking in exchange for providing invoices and goods to conceal the nature, the location, the source, the ownership, and the control of the $2,975 in cash.

COUNT TWO

[18 U.S.C. §§ 1546(a), 2(b)]

On or about November 20, 2012, in Los Angeles County, within the Central District of California, defendant XILIN CHEN made under oath and knowingly subscribed as true, under penalty of perjury, a false statement with respect to a material fact in an application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, in that in an Application for Naturalization (Form N-400), defendant XILIN CHEN made the following false statements, knowing them to be false when made:

(1)   that he had worked for no employer other than Yili Underwear since August 2004, when, in fact, he had worked in that time frame for his own business, Gayima Underwear; and

(2)   that he had never committed a crime or offense for which he had not been arrested, when, in fact, he had committed such a crime and offense, including, Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h), Laundering Monetary Instruments, in violation of 18 U.S.C. § 1956(a)(3)(B), Structuring Transactions to Evade Reporting Requirements, in violation of 31 U.S.C. § 5324, and Failure to File Reports Relating to Currency Received in Trade or Business, in violation of 31 U.S.C. § 5331.

1          COUNT THREE

2        [18 U.S.C. § 1425]

3      On or about November 20, 2012, in Los Angeles County, within the

4 Central District of California, defendant XILIN CHEN knowingly

5 procured and attempted to procure, contrary to law, his

6 naturalization, by making the following false material statement,

7 which he knew to be false when made: that he had never committed a

8 crime or offense for which he had not been arrested, when, in fact,

9 he had committed such a crime and offense, including, Conspiracy to

10 Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h),

11 Laundering Monetary Instruments, in violation of 18 U.S.C.

12 § 1956(a)(3)(B), Structuring Transactions to Evade Reporting

13 Requirements, in violation of 31 U.S.C. § 5324, and Failure to File

14 Reports Relating to Currency Received in Trade or Business, in

15 violation of 31 U.S.C. § 5331.

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT FOUR

[18 U.S.C. §§ 1546(a), 2(b)]

On or about December 14, 2012, in Los Angeles County, within the Central District of California, defendant CHUANG FENG CHEN, also known as ("aka") "Tom," aka "Chen Junior" ("CHUANG FENG"), made under oath and knowingly subscribed as true, under penalty of perjury, a false statement with respect to a material fact in an application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, in that in an Application for Naturalization (Form N-400), defendant CHUANG FENG made the following false statements, knowing them to be false when made:

(1)   that he had worked for no employer other than Yili Underwear since August 2002, when, in fact, he had worked in that time frame for his own business, Gayima Underwear;

(2)   that he had never committed a crime or offense for which he had not been arrested, when, in fact, he had committed such a crime and offense, including, Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h), Structuring Transactions to Evade Reporting Requirements, in violation of 31 U.S.C. § 5324, and Failure to File Reports Relating to Currency Received in Trade or Business, in violation of 31 U.S.C. § 5331.

COUNT FIVE

[18 U.S.C. § 1425]

On or about December 14, 2012, in Los Angeles County, within the Central District of California, defendant CHUANG FENG CHEN, also known as ("aka") "Tom," aka "Chen Junior," knowingly procured and attempted to procure, contrary to law, his naturalization, by making the following false material statement, which he knew to be false when made: that he had never committed a crime or offense for which he had not been arrested, when, in fact, he had committed such a crime and offense, including Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h), Structuring Transactions to Evade Reporting Requirements, in violation of 31 U.S.C. § 5324, and Failure to File Reports Relating to Currency Received in Trade or Business, in violation of 31 U.S.C. § 5331.

COUNT SIX

[18 U.S.C. §§ 1956(a)(3)(B), 1956(a)(3)(C), 2(a)]

On or about September 18, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendants XILIN CHEN and AIXIA CHEN, each aiding and abetting the other, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under State or Federal law, knowingly conducted a financial transaction affecting interstate and foreign commerce involving property represented to be the proceeds of specified unlawful activity, that is, receiving $10,625 in cash from a law enforcement officer posing as a narcotics trafficker in exchange for goods that the officer represented would be transported to Mexico for sale, and providing two invoices under $10,000 each to avoid the filing of a Form 8300, as required by 31 U.S.C. § 5331, Failure to File Reports Relating to Currency Received in Trade or Business.

COUNT SEVEN

[18 U.S.C. §§ 1956(a)(3)(B), 2(a)]

On or about September 19, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendants XILIN CHEN and AIXIA CHEN, each aiding and abetting the other, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, knowingly conducted a financial transaction affecting interstate and foreign commerce involving property represented to be the proceeds of specified unlawful activity, that is, receiving $3,400 in cash from a law enforcement officer posing as a narcotics trafficker in exchange for goods that the officer represented would be transported to Mexico for sale.

COUNT EIGHT

[18 U.S.C. §§ 1956(a)(3)(B), 2(a)]

On or about December 13, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendants XILIN CHEN and AIXIA CHEN, each aiding and abetting the other, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, knowingly conducted a financial transaction affecting interstate and foreign commerce involving property represented to be the proceeds of specified unlawful activity, that is, receiving $2,975 in cash from a law enforcement officer posing as a narcotics trafficker in exchange for goods that the officer represented would be transported to Mexico for sale.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 982(a)(1)]

1.    Pursuant to Rule 32.2, of the Federal Rules of Criminal Procedure, notice is hereby given to defendants XILIN CHEN, CHUANG FENG CHEN, also known as ("aka") "Tom," aka "Chen Junior", and AIXIA CHEN (collectively, "defendants") that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 982(a)(1), in the event of any defendant's convictions under Count One this Indictment.

2.    Defendants shall forfeit to the United States the following property:

(a)  all right, title, and interest in any and all property, real or personal, involved in or traceable to any transaction set forth in Count One of this Indictment; and

(b)  a sum of money equal to the total value of the property described in paragraph 2(a).  If more than one defendant is found guilty under Count One, each defendant found guilty shall be jointly and severally liable for the entire amount forfeited pursuant to Count One.

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the total amount described in paragraph 2, if, as the result of any act or omission of a defendant, the property described in paragraph 2, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has

1   been commingled with other property which cannot be divided without

2   difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982(a)(1)]

1.    Pursuant to Rule 32.2, of the Federal Rules of Criminal Procedure, notice is hereby given to defendants XILIN CHEN and AIXIA CHEN (collectively, "defendants") that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 982(a)(1), in the event of either defendant's convictions under any of Counts Six through Eight of this Indictment.

2.    Defendants shall forfeit to the United States the following property:

(a)  all right, title, and interest in any and all property, real or personal, involved in or traceable to any transaction set forth in any of Counts Six through Eight of this Indictment; and

(b)  a sum of money equal to the total value of the property described in paragraph 2(a).  If more than one defendant is found guilty under any of Counts Six through Eight, each defendant found guilty shall be jointly and severally liable for the entire amount forfeited pursuant to that Count.

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the total amount described in paragraph 2, if, as the result of any act or omission of a defendant, the property described in paragraph 2, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the

14

court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty.

A TRUE BILL

/s/
_____
Foreperson

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

JOHN J. KUCERA
Assistant United States Attorney
Asset Forfeiture Section

VICKI CHOU
Assistant United States Attorney
Organized Crime Drug Enforcement
  Task Force Section